

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-2164
Re: Construction of Sections 20 and
22 of H. B. No. 933, 46th Leg.;
rural aid appropriation.

We are in receipt of your letter of April 2,
1940, requesting the opinion of this Department as follows:

"Under the provisions of Section 20 of the
Equalization Law the State Superintendent of
Public Instruction is authorized to make allo-
cations to school districts which have sustained
losses by reason of the Federal Government buy-
ing lands for National Forests and by reason of
the location in said districts of University
land.

"I desire to comply with this section of
the statute but after reading the provisions of
Section 22 of this Act I am at a loss to know
just what is the correct procedure for the dis-
tribution of funds to school districts having
National Forest and University land.

"Will you please advise me when and how
payments to the above mentioned school districts
can be made?"

As we understand your question you wish to know
whether grants under Section 20 of H. B. No. 933, Acts 46th
Leg., 1939, should be prorated and paid along with salary
aid grants allocated on the basis of budgetary need or
should be classified as an exception and paid as provided
in Section 22.

Hon. L. A. Woods, page 2

Sections 20 and 22 of H. B. No. 933, 46th Leg., read as follows:

"SECTION 20. FEDERAL GOVERNMENT LAND PURCHASES. The State Superintendent, subject to the approval of the Joint Legislative Advisory Committee, shall take into consideration, in fixing allowances to school districts any loss sustained by such districts by reason of the Federal Government buying lands for National forests, and by reason of the location in said districts of University lands, and the State Superintendent, as aforesaid, shall be authorized to make allocations to said districts by virtue of losses sustained by said districts by reason of Federal purchase of lands, the amounts to be fixed by the State Superintendent, as aforesaid, based upon existing facts and circumstances applicable to all other school districts, and in all exceptions provided herein the consent of the Joint Legislative Advisory Committee shall be first had and obtained. Provided that any school district sustaining losses by reason of the location in said district of University lands, shall be held to be in actual need. The State Superintendent, as aforesaid, shall make allocations to said districts by virtue of losses so sustained by said reasons, and the amounts to be fixed by the State Superintendent, as aforesaid, shall be based upon the amount of losses so sustained, basing said loss on the rate of tax and valuation used in said county for State and county purposes. It is expressly understood that any revenues received by said school districts by virtue of this section must be included as revenue in the budget before calculating a budgetary need for schools applying for salary aid."

"SECTION 22. ALLOCATIONS IN FAVOR OF EXCEPTIONS TO THE GENERAL PROVISIONS ALLOCATING AID. All applications for salary aid coming within the general provisions of this Act, applications for high school tuition aid coming within the general provisions of Section 9 of this Act, and all applications for transportation aid coming within the general provisions of Section 10 of this Act shall first be considered, and if approved in the manner authorized and directed herein, shall first be paid out of the appropriation made for each of the years of the current biennium in the manner and method herein directed, and said aid, if so granted, shall

Hon. L. A. Woods, page 3

be first paid out of the appropriations and allocations herein made to an amount not exceeding one hundred per cent (100%) of the approved grant therefor, and all exceptions to the general law permitting and granting aid to the several school districts of this State shall be paid only if and when those approved applications coming within the general provisions of this Act have first been paid, and such exceptions shall then be allowed and admitted as approved, and upon approval they shall be paid out of such allocations remaining unexpended and then upon a pro rata per capita basis out of the funds remaining unexpended in each of the allocations herein made and not otherwise. And it shall be the duty of said Joint Legislative Advisory Committee to classify all applications which are exceptions to the general provisions allowing aid in this Act."

The Rural Aid Equalization Law is designed to equalize educational opportunities throughout the state, by supplementing the income of schools coming within the provisions of the Act, based upon the need of districts as shown by budgeted receipts and expenditures. This was pointed out in our Opinion No. O-334 (Conference Opinion No. 3040). In addition to the general provisions for granting aid, the act provides for various exceptions not necessary to be enumerated.

After providing for grants based upon the budgeted needs of school districts provision is made in Section 20 for granting aid based upon losses sustained by reason of University lands or Federal forest lands being located in a district. Not only is the provision for allocations based upon the location of such lands within a district in the nature of an exception from the general provisions based upon budgeted need, but the Legislature expressly recognized it as such by providing in Section 20; "and in all exceptions provided herein the consent of the Joint Legislative Advisory Committee shall be first had and obtained." This provision clearly relates to allocations by virtue of losses sustained by reason of the Federal Government buying lands for National forests, and the location of University lands in such districts.

Section 22 provides that all allocations for aid under the general provisions of the Act shall first be paid "and all exceptions to the general law permitting and granting aid to the several school districts of this State shall be paid only if and when those approved applications coming within the general provisions of this Act have first been paid, and such exceptions shall then be allowed and admitted as approved, and upon approval they shall be paid out of such allocations remaining unexpended and then upon a pro rata per capita basis out of the funds remaining unexpended in each of the allocations herein made and not otherwise."

Having determined that allocations provided by Section 20 are exceptions within the meaning of Section 22, it is our opinion that such allocations should not be approved and paid until approved applications coming within the general provisions of the Act based upon budgeted need have first been paid; money remaining unexpended may then be used to pay approved exceptions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      *Cecil C. Cammack*
           Cecil C. Cammack
               Assistant

CCC:jm

APPROVED MAY 2, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN